IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LIBERTY MUTUAL INSURANCE COMPANY,**

    **Plaintiff**

CIVIL ACTION NO.: 3:10CV102 DPJ-FKB

v.

**KING EDWARD REVITALIZATION COMPANY, LLC; KING EDWARD TENANT, LLC; HISTORIC RESTORATION, INC. d/b/a HRI PROPERTIES,**

    **Defendants**



## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), files this Complaint for Declaratory Judgment, and would show unto the Court as follows:

### I. NATURE OF ACTION

1. This is a civil action for declaratory judgment arising from the issuance of a Completed Value Builders Risk Policy ("Policy") by Liberty Mutual to the Named Insured, the Standard Life Building. Liberty Mutual seeks a declaration of the rights, duties, and liabilities of each of the parties with respect to a claim made by the King Edward Revitalization Co., LLC; the King Edward Tenant, LLC; and Historic Restoration, Inc. d/b/a HRI Properties (collectively "Defendants") for coverage for the damages and expenses incurred after a pipe in the basement of the Standard Life Building

leaked on or around December 26, 2009. Liberty Mutual is entitled to declaratory relief under 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

## II.    THE PARTIES

2.      Liberty Mutual is a domestic business corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Boston, Massachusetts.

3.      King Edward Revitalization Co., LLC is a domestic limited liability company organized and existing under the laws of the State of Mississippi, with its principal place of business in Jackson, Mississippi. The managing member of the King Edward Revitalization Co., LLC is the King Edward Manager, LLC, which is a Louisiana limited liability company. King Edward Revitalization Co., LLC may be served with process by serving its registered agent, David Watkins, at 300 W. Capitol Street, Suite 200, Jackson, Mississippi 39203.

4.      King Edward Tenant, LLC is a domestic limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in New Orleans, Louisiana. The managing member of the King Edward Tenant, LLC is the King Edward Manager, LLC, which is a Louisiana limited liability company. King Edward Tenant, LLC may be served with process by serving its registered agent, David Watkins, at 300 W. Capitol Street, Suite 200, Jackson, Mississippi 39203.

5.      Upon information and belief, Historic Restoration, Inc. d/b/a HRI Properties is a domestic business corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in New Orleans, Louisiana.

Historic Restoration, Inc. may be served with process by serving its registered agent, Ray T. Spadafora, at 909 Poydras Street, Suite 3100, New Orleans, Louisiana 70112.

### III.   JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as the matter in controversy involves citizens of different states and the value in controversy, exclusive of interest and costs, exceeds $75,000.

7. This Court has personal jurisdiction over the Defendants because the King Edward Revitalization Co., LLC is domiciled in Mississippi, and the other out-of-state Defendants were and are doing business in Mississippi and thus subject to Mississippi's long arm statute, MISS. CODE ANN. § 13-3-57. Furthermore, the Defendants have such minimum contacts with Mississippi that assertion of personal jurisdiction would comport with the due process standards of the 14th Amendment of the U.S. Constitution.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the underlying insurance claim and this declaratory judgment action occurred in this district, and because the insured property - the Standard Life Building - that is the subject of this action is situated in this district.

9. Liberty Mutual seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57.

### IV.   FACTUAL BACKGROUND

**The Policy**

10. Liberty Mutual issued the Policy No. NY99022001, effective May 12, 2009 to October 12, 2010, to the Named Insured, the Standard Life Building. A copy of the Policy is attached hereto as Exhibit "A" and is incorporated herein by reference.

11. The Policy provides coverage, *inter alia*, for all risks of direct physical loss or damage to property located at the Standard Life Building, which is located at 127 South Roach Street, Jackson, Mississippi 39201, subject to stated limits, sub-limits, deductibles and exclusions.

12. Relevant herein, the Policy provides coverage for "Water Damage," which is specifically defined in the Policy as "physical loss or damage as covered by this Policy which is a result of leakage of fluids, liquids, gases and/or similar media, whether wind driven or not, caused by other than the peril of FLOOD." Under the Policy, physical loss or damage from "Water Damage" is subject to a $250,000 deductible.

**The Claim**

13. On or around December 26, 2009, the discharge line on the temporary booster pump failed allowing water to leak out into the basement of the Standard Life Building. This leak occurred over the Christmas holiday, and was not discovered for several days. As a result, the leaking water began to accumulate in the basement of the building, ultimately resulting in approximately fifty-two inches (52) of water in the basement. This accumulation resulted in physical damage to certain pieces of equipment located in the building, for which the Defendants are making claims under the Policy.

14. Following the discovery of the water and resulting damage, the Defendants provided notice of the loss to Liberty Mutual, along with an initial claim under the Policy in the amount of $180,666.30. At such time, the Defendants also indicated that they were of the view that the standard deductible under the Policy in the amount of $25,000 should apply to the loss.

15. After Liberty Mutual received notice of the loss, it appointed Bill Cartwright of Eagle Adjustment Services, Inc., to investigate and adjust the loss. The adjustment was carried out pursuant to Liberty Mutual's full and complete reservation of rights; particularly with regard to the applicable deductible to be applied under the Policy to the loss.

16. Specifically, on January 15, 2010, Liberty Mutual advised the Defendants that the Policy appeared to cover the subject loss, subject to all applicable limits, sub-limits, deductibles and/or other Policy provisions. Liberty Mutual further advised the Defendants at that time that it appeared that the deductible for Water Damage in the amount of $250,000 would be applicable, since the loss and resulting claim was caused by "Water Damage" as defined in the Policy. A copy of the January 15, 2010, correspondence and reservation of rights issued by Liberty Mutual is attached hereto as Exhibit "B" and is incorporated herein by reference.

17. At this time, the adjusted value of the Defendants' claim is approximately $210,688. Therefore, the claim falls below the applicable $250,000 deductible for physical loss resulting from "Water Damage." As a result, Liberty Mutual owes nothing under the Policy to the Defendants.

18. The Defendants disagree with Liberty Mutual's application of the Water Damage deductible, and have taken the position that the applicable deductible for this loss is the $25,000 deductible for all other property damage that is not subject to a specified deductible under the Policy. Liberty Mutual disagrees with this contention, thus creating a material dispute between the parties that is ripe for declaratory judgment.

## COUNT I
## DECLARATORY JUDGMENT

19.   Liberty Mutual repeats and re-alleges paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20.   An actual, substantive and justiciable controversy exists between the parties concerning the application of the Water Damage deductible with respect to the claims submitted. Accordingly, the parties have a direct, substantial, and present interest in having the deductible provisions of the Policy construed and applied to the submitted claims.

21.   Pursuant to the terms, conditions and provisions of the Policy, Liberty Mutual is entitled to a declaration that:

   a.   The Policy language regarding the Water Damage deductible is clear and unambiguous.

   b.   The loss and resulting claims submitted by the Defendants constitute Water Damage as defined in the Policy, and the Water Damage deductible of $250,000 applies to same.

   c.   The claims submitted by the Defendants fall below the applicable Water Damage deductible such that Liberty Mutual has no obligations under the Policy or otherwise to provide any payment or indemnity to the Defendants.

### REQUEST FOR RELIEF

**WHEREFORE,** Liberty Mutual Insurance Company respectfully requests judgment in its favor against the Defendants, and asks that the Court declare that (i) the applicable deductible for the referenced loss and claims is the $250,000 Water Damage

deductible; (ii) the claims fall below the applicable Water Damage deductible; and (iii) Liberty Mutual has no payment or indemnity obligations to the Defendants under the circumstances. Liberty Mutual also asks for any further relief to which it is entitled, including award of attorneys' fees and costs incurred in connection with this action, and any additional relief as may be just and proper.

Respectfully submitted,

**LIBERTY MUTUAL INSURANCE COMPANY**

BY:   **CARROLL WARREN & PARKER PLLC**

BY: _____
     Myles A. Parker

**OF COUNSEL:**
Myles A. Parker (MSB #8746)
Alexandra F. Markov (MSB #100428)
Scott Murray (MSB #102912)
**CARROLL WARREN & PARKER PLLC**
188 E. Capitol Street, Suite 1200
Post Office Box 1005
Jackson, MS  39215-1005
Phone:       601/592-1010
Fax:         601/592-6060

602284

7